**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RICK LEE ARCHER,<br><br>Plaintiff<br><br>v.<br><br>BUREAU OF PROISONS, *et al*.<br><br>Defendants. | CIVIL ACTION NO. 3:26-cv-00813<br><br>(MEHALCHICK, J.) |

## MEMORANDUM

Before the Court is an emergency motion for injunctive relief and protection of whistleblower/complaint filed by Plaintiff Rick Lee ("Archer"). (Doc. 1). Also pending are Archer's motions to proceed *in forma pauperis*. (Doc. 6; Doc. 7). The Court will grant Archer leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but will deny Archer's motion under 38 U.S.C. § 4323(h)(1). To the extend that the filing can be viewed as a complaint, it will be dismissed without prejudice. Archer's emergency motion for an injunction will be denied.

## I. BACKGROUND AND PROCEDURAL HISTORY

Archer, and inmate currently housed at the United States Penitentiary Allenwood ("USP-Allenwood") initiated this action by filing an emergency motion for injunctive relief and protection of whistleblower in March of 2026. (Doc. 1). This was filed as a combination motion for injunctive relief and a complaint. (Doc. 1). Archer argues that the staff at USP-Allenwood has repeatedly refused to provide Medical Assisted Treatment ("MAT") to inmates diagnosed with opioid use disorder and names the Bureau of Prisons ("BOP") and USP-Allenwood as Defendants. (Doc. 1, at 1–2). Archer states that instead of MAT, inmates

are offered Vivitrol in place of the better Buprenorphine or Methadone. (Doc. 1, at 1–2). Archer states that multiple inmates at USP-Allenwood have documented histories of opioid use disorder, these inmates have requested MAT, and staff at USP-Allenwood have denied treatment outright or delayed care without medical justification. (Doc. 1, at 2). Archer alleges this constitutes an Eighth Amendment deliberate indifference claim, violations the Rehabilitation Act ("RA"), and the Americans with Disabilities Act ("ADA". (Doc. 1, at 2–3). Archer is seeking an emergency injunction requiring the staff at USP-Allenwood to begin MAT for qualified inmates. (Doc. 1, at 3–5). As part of his sworn declaration, Archer states the following:

> I am submitting this declaration to report ongoing denial of Medication Assisted Treatment (MAT) to inmates suffering from opioid use disorder. [S]everal inmates, including myself and others known to me, have requested treatment with medications that stops their urge to get high and abuse illicit drugs. Medications that stop the urge are suboxone or methadone as well as others approved for MAT. I myself have been offered Vivitrol (Naltrexone). I am an Honorably Discharged veteran. I was discharged due to psychiatric issues in 1977 (PTSD) with a history of suicidal ideation. . . . This is not a safe drug for my treatment. My requests have been denied or ignored by medical staff.

(Doc. 1, at 5).

On April 27, 2026, Archer filed a motion for leave to proceed *in forma pauperis* pursuant to 38 U.S.C. § 4323(h)(1). (Doc. 6). On May 11, 2026, Archer filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. The Court will grant Archer *in forma pauperis* status under 28 U.S.C. § 1915 and not under 38 U.S.C. § 4323 because this statute pertains to claims against state and private employers by veterans and is not applicable to this action by a prisoner against the BOP, a federal agency. The Court will now screen the complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915.

## II. DISCUSSION

### A. STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In this case, because Archer is a prisoner suing a governmental employee and brings his suit *in forma pauperis*, both provisions apply. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well

as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also* *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the amended complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien &*

*Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (citing *Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Iqbal*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit

a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

B. EIGHTH AMENDMENT CLAIM

Archer attempts to bring a claim of deliberate indifference to a serious medical need under the Eighth Amendment against the BOP. The Court construes the claim as an Eighth Amendment claim under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

In *Bivens*, the United States Supreme Court created a federal tort counterpart to the remedy created by 42 U.S.C. § 1983 as it applies to federal officers. *Bivens* constitutional tort lawsuits can only be lodged against individual government officials. *Bivens*, 403 U.S. at 397. It is well-settled that *Bivens* actions against the United States—and, by extension, against federal agencies or officials sued in their official capacity—are barred by sovereign immunity, absent an explicit waiver of that immunity. *FDIC v. Meyer*, 510 U.S. 471, 483 (1994). The United States and its agencies have not waived immunity. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."). Therefore, any Eighth Amendment claim against the BOP and USP-Allenwood will be dismissed with prejudice.

C. REHABILITATION ACT CLAIM AND AMERICAN WITH DISABILITIES ACT CLAIM

Archer has raised claims under both the RA and the ADA. (Doc. 1).

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

42 U.S.C. § 12132. To establish a claim under Title II of the ADA, a plaintiff must allege that: "(1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *McPherson v. County of Dauphin*, No. 19-1865, 2020 WL 1558206, at *2 (M.D. Pa. Mar. 24, 2020). The RA requires the same showing but applies only to "any program or activity receiving Federal financial assistance" and requires a plaintiff to demonstrate that their disability was the sole reason for the discrimination, not merely one reason. 29 U.S.C. § 794(a); *CG v. Pa. Dep't Educ.*, 734 F.3d 229, 235–36 (3d Cir. 2013).

"[D]ecisions about a prisoner's medical treatment generally do not give rise to a claim under the ADA." *Nunezv. PrimeCareHealth, Inc.*, No. 19-CV-859, 2019WL1400466, at*1n.3(E.D. Pa. Mar. 27, 2019)(collecting cases). These claims would inevitably fail because the ADA and RA "prohibit[ ] disability-based discrimination, 'not inadequate treatment for the disability.' " *Kokinda v. Pennsylvania Dep't of Corr.*, 663 F. App'x 156, 159 (3d Cir. 2016) (quotation omitted). However, a plaintiff may demonstrate a cognizable claim under the ADA and the RA if they allege a disabled detainee was denied a reasonable accommodation that would have granted them meaningful access to prison activities and programs, including those that implicate medical care. *McDonald-Witherspoon v. City of Philadelphia*, 481 F. Supp. 3d 424, 439 (E.D. Pa. 2020), *aff'd*, No.21-1019, 2021 WL 6101246 (3d Cir. Dec. 21, 2021).

No such factual claim is made here. Archer argues that USP-Allenwood "is den[y]ing access to a valid medically necessary treatment because of opioid addiction/disease disability." (Doc. 1). However, nothing in the factual allegations made in the complaint points to the diagnosis of opioid use disorder being the reason for the denial to the MAT program:

"Defendants have adopted and enforced a policy of denying evidence-based treatment for opioid use disorder, including MAT medication assisted treatment despite overwhelming medical consensus that such treatment is necessary to prevent withdrawal, relapse, and death." (Doc. 1).

The Third Circuit has recently held that providing medications, such as suboxone, to an opioid-addicted prisoner through the MAT program is not a reasonable accommodation, but a form of treatment. *DiFraia v. Ransom*, 171 F.4th 622, 633 (3d. Cir. 2006). A "failure to provide adequate medical care to a disabled inmate does not, on its own, give rise to liability under the ADA." *Montanez v. Price*, 154 F.4th 127, 147 (3d Cir. 2025). Here, Archer has generally alleged that the BOP has denied access to the MAT program because of his, and other inmates', diagnosis of opioid use disorder. However, Archer's argument is illogical. He is arguing that he has been denied access to a treatment program for opioid use disorder because of his opioid use disorder. The Court finds that this is merely a generalized allegation serving as an attempt to repackage a denial of treatment claim as a disability discrimination claim.

Archer has not made any factual allegations to support his argument that the opioid use disorder was the cause of Archer's exclusion from the MAT program. (Doc. 1). Instead, Archer's alleged facts demonstrate that he and other inmates have been diagnosed with opioid use disorder and have been denied access to the MAT program as a form of treating that opioid use disorder. This is insufficient to establish causation under the RA and the ADA. Therefore, the claims under the RA and ADA will be dismissed without prejudice.

D. Motion for Injunctive Relief

Combined with the complaint is Archer's motion for injunctive relief requesting that the Court order the BOP to provide treatment that aligns with the MAT program. (Doc. 1).

Federal Rule of Civil Procedure 65 governs temporary restraining orders and preliminary injunctions. Motions for temporary restraining orders and preliminary injunctions are judged against exacting legal standards. Preliminary injunctive relief "is not granted as a matter of right." *Kershner v. Mazurkiewicz*, 670 F. 2d 440, 443 (3d Cir. 1982). Rather, it "is an 'extraordinary remedy.'" *Doe by & through Doe v. Boyertown Area Sch. Dist.*, 897 F.3d 518, 526 (3d Cir. 2018) (quoting *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)). A motion for such is properly granted only if such relief is the "only way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air. Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). "It has been well stated that upon an application for a preliminary injunction to doubt is to deny." *Madison Square Garden Corp. v. Braddock*, 90 F.2d 924, 927 (3d Cir. 1937).

"When evaluating a motion for preliminary injunctive relief, a court considers four factors: (1) has the moving party established a reasonable likelihood of success on the merits (which need not be more likely than not); (2) is the movant more likely than not to suffer irreparable harm in the absence of preliminary relief; (3) does the balance of equities tip in its favor; and (4) is an injunction in the public interest?" *Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019) *reversed on other grounds by* 141 S. Ct. 1868 (U.S. 2021). "The first two factors are prerequisites for a movant to prevail." *Holland v. Rosen*, 895 F.3d 272, 286 (3d Cir. 2018). "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of

granting the requested preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). Since Archer's complaint will be dismissed, he cannot establish the initial factor under *Fulton*, and the motion will be denied.

## III. CONCLUSION

For the above stated reasons, the Court will grant Archer *in forma pauperis* status pursuant to 28 U.S.C. § 1915 and not under 38 U.S.C. § 4323. The Court will dismiss the complaint for failing to state a claim upon which relief may be granted and will deny the motion for preliminary injunction. The Court will grant Archer leave to file an amended complaint.

An appropriate order follows.

**Dated: September 24, 2026**

s/ Karoline Mehalchick

**KAROLINE MEHALCHICK**
**United States District Judge**